THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLAI POSTICA, and ANA BUREA, a married couple,

Plaintiffs,

v.

THE BOEING COMPANY, a Delaware corporation,

Defendant.

No. 2:25-cv-00894

BOEING'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

NOTE ON MOTION CALENDAR: JULY 2, 2025

BOEING'S MOTION TO DISMISS
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 3

        A.      Alleged Incident at Boeing's Auburn Facility. ........................................... 3

        B.      Procedural History. .................................................................................... 4

                1.      The Previous Complaint. ................................................................. 4

                2.      This Complaint................................................................................ 4

III.    LEGAL STANDARDS ........................................................................................... 5

IV.     ARGUMENT........................................................................................................... 5

        A.      Plaintiffs fail to plausibly plead duty, breach, and causation—all of which
                are essential elements of a negligence claim. ............................................ 5

                1.      Plaintiffs have not plausibly alleged a duty or a breach. ............... 6

                2.      Plaintiffs do not plausibly allege that Boeing proximately caused
                        their injuries. .................................................................................. 8

        B.      The *res ipsa loquitur* doctrine does not apply. ........................................... 9

        C.      The complaint should be dismissed with prejudice. ................................. 11

V.      CONCLUSION...................................................................................................... 12

BOEING'S MOTION TO DISMISS – i
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................... passim

*Barela v. Johnson*,
No. C05-5785 RBL, 2006 WL 8455950 (W.D. Wash. Oct. 23, 2006), *aff'd*,
235 F. App'x 470 (9th Cir. 2007) ...............................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................1, 5, 9, 11

*Bradley v. Wal-Mart Stores, Inc.*,
544 F. Supp. 2d 1167 (W.D. Wash. 2008)..................................................................................6

*Carter v. DeKalb County*,
521 F. App'x 725 (11th Cir. 2013) ..........................................................................................11

*Chavez v. United States*,
683 F.3d 1102 (9th Cir. 2012) ...................................................................................................9

*Crowe v. Gaston*,
951 P.2d 1118 (Wash. 1998).......................................................................................................8

*Curtis v. Lein*,
239 P.3d 1078 (Wash. 2010)................................................................................................2, 10

*Davis v. Fujitec Am., Inc.*,
No. C21-5631RSM, 2022 WL 16715984 (W.D. Wash. Nov. 4, 2022)..................................1, 6

*Galassi v. Lowe's Home Ctrs., LLC*,
565 P.3d 116 (Wash. 2025)..........................................................................................................8

*Hafliger v. Ga. Pac. Consumer Prods. (Camas) LLC*,
No. C15-5807 BHS, 2016 WL 8710003 (W.D. Wash. Jan. 22, 2016) ........................................6

*Hansen v. Friend*,
824 P.2d 483 (Wash. 1992)..........................................................................................................1

*Hartley v. State*,
698 P.2d 77 (Wash. 1985).............................................................................................................8

*Hoot v. United States*,
No. 2:22-CV-0280-TOR, 2023 WL 2145494 (E.D. Wash. Feb. 21, 2023),
*reconsideration denied*, No. 2:22-CV-0280-TOR, 2023 WL 2838107 (E.D.
Wash. Apr. 7, 2023) ................................................................................................................2, 9

BOEING'S MOTION TO DISMISS – ii
(No. 2:25-cv-00894)

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*Inst. for Wildlife Prot. v. Norton*,
   337 F. Supp. 2d 1223 (W.D. Wash. 2004)......................................................................11

*Jackass Mt. Ranch, Inc. v. S. Columbia Basin Irr. Dist.*,
   305 P.3d 1108 (Wash. Ct. App. 2013).............................................................................6

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ....................................................................................5, 12

*Marshall v. Bally's Pacwest, Inc.*,
   972 P.2d 475 (Wash. Ct. App. 1999).........................................................................7, 11

*Massey v. BAC Home Loans Servicing LP*,
   No. C12-1314JLR, 2013 WL 12310680 (W.D. Wash. Feb. 13, 2013) .....................9

*McDonald v. Cove to Clover*,
   321 P.3d 259 (Wash. Ct. App. 2014).............................................................................7

*Mujica v. AirScan Inc.*,
   771 F.3d 580 (9th Cir. 2014) .......................................................................................11

*Pacheco v. Ames*,
   69 P.3d 324 (Wash. 2003).......................................................................................10, 11

*Pebles v. Hiam*,
   No. C12-0054-RSM, 2012 WL 2455563 (W.D. Wash. June 27, 2012)...................6

*Postica v. Boeing, Inc.*,
   No. 2:24-cv-01788-JCC (W.D. Wash. Oct. 30, 2024)..............................................2, 4

*Postica v. Boeing, Inc.*,
   No. 2:24-cv-1788-JCC, 2024 WL 5159115 (W.D. Wash. Dec. 18, 2024)..............4

*Ripley v. Lanzer*,
   215 P.3d 1020 (Wash. Ct. App. 2009).........................................................................10

*Robison v. Cascade Hardwoods, Inc.*,
   72 P.3d 244 (Wash. Ct. App. 2003).............................................................................10

*Snyder v. Med. Serv. Corp. of E. Wash.*,
   35 P.3d 1158 (Wash. 2001)...........................................................................................7

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) .................................................................................2, 5, 12

*Tate v. Perry*,
   758 P.2d 999 (Wash. Ct. App. 1988)...........................................................................9

BOEING'S MOTION TO DISMISS – iii
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## TABLE OF AUTHORITIES (continued)

**Page(s)**

*Tinder v. Nordstrom, Inc.*,
    929 P.2d 1209 (Wash. Ct. App. 1997) ..................................................................................8

*Tolliver v. United States*,
    957 F. Supp. 2d 1236 (W.D. Wash. 2012) ...........................................................................8

*Vega v. Davis*,
    572 F. App'x 611 (10th Cir. 2014) ....................................................................................11

*Voss-Curry v. Crown Equip. Corp.*,
    No. 2:22-CV-01062-BJR, 2022 WL 4368047 (W.D. Wash. Sept. 21, 2022) ......................7

*Wright v. United States*,
    No. 2:15-CV-0305-TOR, 2016 WL 4545519 (E.D. Wash. Aug. 31, 2016).....................2, 10

**STATUTES**

RCW 4.16.170 ...........................................................................................................................4

**RULES**

Fed. R. Civ. P. 8.......................................................................................................................11

Fed. R. Civ. P. 12(b)(2).............................................................................................................4

Fed. R. Civ. P. 12(b)(5).............................................................................................................4

Fed. R. Civ. P. 12(b)(6)..................................................................................................... passim

Fed. R. Civ. P. 12(c) .................................................................................................................6

Wash. Super. Ct. Civ. R. 3(a) ...................................................................................................4

**OTHER AUTHORITIES**

16 Wash. Prac., Tort Law and Practice § 5:1 (5th ed. Oct. 2024 Update)...................................8

Restatement (Second) of Torts § 343 (1965)...............................................................................7

Restatement (Second) of Torts § 343A (1965) ............................................................................7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.    INTRODUCTION

Professional truck driver Nicolai Postica was allegedly injured after he was struck in the back of the head by an unknown object, in an unspecified location, and under unknown circumstances at a Boeing facility in Auburn, Washington. *See* Dkt. No. 1-2 ("Compl."). Based on the fact of injury alone, Mr. Postica and his wife Ana Burea (collectively, "Plaintiffs") have sued Boeing for negligence. The complaint contains no factual allegations about what struck Mr. Postica, or how the accident might have occurred. Nor does it contain any factual allegations linking any actions by Boeing to Mr. Postica's injuries. In other words, the complaint does not "contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiffs have failed to state a claim upon which relief can be granted, and the complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), for three reasons.

***First***, Plaintiffs do not articulate facts sufficient to allege three of the four essential elements of a negligence claim: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach proximately caused plaintiff's injuries. *See Davis v. Fujitec Am., Inc.*, No. C21-5631RSM, 2022 WL 16715984, at *2 (W.D. Wash. Nov. 4, 2022) (listing the elements of negligence) (citing *Hansen v. Friend*, 824 P.2d 483, 485 (Wash. 1992)). With no factual allegations about the accident itself, Plaintiffs have not plausibly alleged that Boeing had a duty to prevent that accident from occurring or breached any duty it may have owed Mr. Postica, or that any alleged breach proximately caused Mr. Postica's injuries. In short, Plaintiffs have failed to "nudge[] their [negligence] claims across the line from conceivable to plausible," as is required by federal pleading standards. *Twombly*, 550 U.S. at 570.

***Second***, the *res ipsa loquitur* doctrine does not apply. In Washington, *res ipsa loquitur* is used "sparingly," "in peculiar and exceptional cases, and only where the facts and the demands of

BOEING'S MOTION TO DISMISS – 1
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

justice make its application essential." *Curtis v. Lein*, 239 P.3d 1078, 1081, 1084 (Wash. 2010) (finding a *res ipsa loquitur* jury instruction appropriate in a matter where a dock, exclusively controlled by the defendant, collapsed underneath the plaintiff and the defendant conceded that the plaintiff was not at fault). *Res ipsa loquitur* may be applied to create an inference of negligence only where the accident that caused the injury "would not ordinarily happen in the absence of negligence," "the instrumentality or agency that caused the plaintiff's injury was in the exclusive control of the defendant," and "the plaintiff did not contribute to the accident or occurrence." *Id.* at 1082. None of those factors are present here, and nothing warrants extending the *res ipsa loquitur* doctrine to Plaintiffs' claims. *See, e.g.*, *Hoot v. United States*, No. 2:22-CV-0280-TOR, 2023 WL 2145494, at *3 (E.D. Wash. Feb. 21, 2023) (dismissing a *res ipsa loquitur* claim under Rule 12(b)(6)), *reconsideration denied*, No. 2:22-CV-0280-TOR, 2023 WL 2838107 (E.D. Wash. Apr. 7, 2023); *Wright v. United States*, No. 2:15-CV-0305-TOR, 2016 WL 4545519, at *2–5 (E.D. Wash. Aug. 31, 2016).

*Third*, the complaint should be dismissed with prejudice because amendment would be futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). This lawsuit is Plaintiffs' second attempt to state a plausible claim against Boeing. *See* Complaint, *Postica v. Boeing, Inc.*, No. 2:24-cv-01788-JCC (W.D. Wash. Oct. 30, 2024), Dkt. No. 1-2. In the prior action, Boeing removed the case to federal court and then moved to dismiss for failure to state a claim. *See* Motion to Dismiss, *Postica*, No. 2:24-cv-01788-JCC (W.D. Wash. Nov. 13, 2024), Dkt. No. 10. Although the court *sua sponte* dismissed that action on jurisdictional grounds, Plaintiffs have already had an opportunity to review Boeing's Rule 12(b)(6) arguments and amend their factual allegations in response. *See id.* Plaintiffs' current complaint still fails to state a plausible claim. Under these unique circumstances, Plaintiffs should not be granted leave to amend.

Because Plaintiffs fail to state a plausible claim for relief on their causes of action, the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). And because amendment would be futile, it should be dismissed with prejudice.

BOEING'S MOTION TO DISMISS – 2
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II.    BACKGROUND

### A.    Alleged Incident at Boeing's Auburn Facility.

On September 3, 2024, Plaintiff Nicolai Postica, a professional truck driver, was allegedly injured at a Boeing facility in Auburn, Washington. *See* Dkt. No. 1-2 ¶¶ 2.7–2.13.[1]

Per the complaint, Mr. Postica sought to deliver a shipment of metal beams that day. *See id.* ¶ 2.8. Upon his arrival at the Boeing Auburn facility, Mr. Postica was subject to a security protocol at the facility's front gate, where his truck was inspected and he was granted entry. *See id.* ¶ 2.7. Mr. Postica drove his truck to a loading dock where Boeing workers unloaded the shipment. *See id.* ¶¶ 2.7–2.8. A Boeing "agent and/or employee" then directed Mr. Postica to move his truck to another location at the facility to free up space for other deliveries. *See id.* ¶ 2.10.

Once parked in the new location, Mr. Postica left his truck to put away the ratchet straps and tarps that had been used to secure the delivery. *See id.* ¶ 2.11–12. But "[s]ometime after exiting the cab of his truck, in the location where Boeing employees and/or agents had instructed him to relocate, Mr. Postica was struck in the back of the head." *Id.* ¶ 2.13. This impact rendered him unconscious, and he was "found lying on the ground, nonresponsive." *Id.* The accident allegedly caused Mr. Positca to sustain various skull and brain injuries. *See id.*

The complaint asserts that Mr. Postica's compliance with Boeing directives to relocate placed him in an unreasonably dangerous position. *See id.* But it does not assert that these directives were deficient or negligent in any way, nor does it identify any hazards or unreasonably dangerous conditions in the area where Mr. Postica was allegedly told to relocate. It also fails to specify how Mr. Postica was struck on the head, or how he ended up on the ground, or who or what struck him.

---

[1] The Background section is based on the factual allegations in the complaint, which Boeing accepts as true for purposes of this motion only.

BOEING'S MOTION TO DISMISS – 3
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.    Procedural History.**

**1.    The Previous Complaint.**

This is not the first time this matter has been before this court. *See Postica v. Boeing, Inc.*, No. 2:24-cv-1788-JCC, 2024 WL 5159115, at *1 (W.D. Wash. Dec. 18, 2024). On October 10, 2024, Plaintiffs served a state-court summons and complaint on Boeing, alleging a single cause of action—negligence—under substantially similar facts. *See id.* at *1; Notice of Service of Process, *Postica*, No. 2:24-cv-1788-JCC (W.D. Wash. Oct. 30, 2024), Dkt. No. 1-3. Plaintiffs, however, declined to file their summons and complaint in state court. *See Postica*, 2024 WL 5159115, at *1. On October 15, 2024, pursuant to Washington Superior Court Civil Rule 3(a), Boeing served a written demand that Plaintiffs file their complaint and pay the filing fee within 14 days; Plaintiffs declined to do so, yet they also refused Boeing's request that they voluntarily dismiss the action.[2] *See id.* at *1; Complaint for Personal Injuries, *Postica*, No. 2:24-cv-1788-JCC, Dkt. No. 1-2. Boeing therefore removed the action to the U.S. District Court for the Western District of Washington and filed a motion to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim under Rules 12(b)(2), 12(b)(5), and 12(b)(6), respectively. Motion to Dismiss, *Postica*, No. 2:24-cv-1788-JCC, Dkt. No. 10. Deeming this a "highly unusual procedural posture," the court determined that it lacked subject matter jurisdiction over the matter and dismissed the complaint without prejudice. *See Postica*, 2024 WL 5159115, at *1, *3.

**2.    This Complaint.**

Plaintiffs filed a new complaint in King County Superior Court nearly four months later, on April 11, 2025. *See* Dkt. No. 1-2. Boeing was served with the complaint on April 14, 2025. *See* Dkt. No. 1 at 5. On May 13, 2025, Boeing timely removed the matter to this Court. *See* Dkt. No.

---

[2] "Except as provided in rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint. Upon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void. An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170." Wash. Super. Ct. Civ. R. 3(a).

BOEING'S MOTION TO DISMISS – 4
(No. 2:25-cv-00894)

1. Boeing now files its motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### III.   LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Where plaintiffs fail to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action' will not do," and must be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 555). This court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See id.* (citing *Twombly*, 550 U.S. at 555).

Leave to amend need not be granted, and dismissal may be ordered with prejudice, if "the pleading could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), such that amendment would be futile. *See Steckman*, 143 F.3d at 1298.

### IV.   ARGUMENT

**A.   Plaintiffs fail to plausibly plead duty, breach, and causation—all of which are essential elements of a negligence claim.**

Plaintiffs' complaint should be dismissed because it fails to state a claim for relief under Rule 12(b)(6) and federal plausibility pleading standards.

As a threshold matter, Plaintiffs' entire complaint sounds in negligence. Although Plaintiffs style their causes of action as "Premises Liability" and "Res Ipsa Loquitur," *see* Dkt. No. 1-2 ¶¶ 3.1–3.6, 4.1–4.5, both headings describe concepts that fall under the larger umbrella of a

BOEING'S MOTION TO DISMISS – 5
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

negligence claim. *See, e.g.*, *Bradley v. Wal-Mart Stores, Inc.*, 544 F. Supp. 2d 1167, 1170 (W.D. Wash. 2008) (evaluating a landowner's duty to business invitees as part of a negligence claim); *Hafliger v. Ga. Pac. Consumer Prods. (Camas) LLC*, No. C15-5807 BHS, 2016 WL 8710003, at *2 (W.D. Wash. Jan. 22, 2016) (dismissing a negligence claim on a Rule 12(b)(6) motion for failure to assert duty, observing that "premises liability is a particular type of negligence"); *Barela v. Johnson*, No. C05-5785 RBL, 2006 WL 8455950, at *1 (W.D. Wash. Oct. 23, 2006) (describing *res ipsa loquitur* as "another manner of asserting plaintiff's negligence claim"), *aff'd*, 235 F. App'x 470 (9th Cir. 2007) (unpublished); *Jackass Mt. Ranch, Inc. v. S. Columbia Basin Irr. Dist.*, 305 P.3d 1108, 1120–21 (Wash. Ct. App. 2013) (explaining that *res ipsa loquitur* allows an inference of negligence in certain situations). Therefore, basic principles of negligence apply to both counts Plaintiffs have raised in the complaint.

To state a plausible claim for negligence, Plaintiffs must allege facts supporting that the defendant owed the plaintiff a duty, the defendant breached that duty, and the breach proximately caused the plaintiff's injuries. *See, e.g.*, *Davis*, 2022 WL 16715984, at *2 (dismissing negligence action for failure to state a claim where complaint did "not allege *how* [the defendant] breached its duty (if any) to Plaintiff"); *Pebles v. Hiam*, No. C12-0054-RSM, 2012 WL 2455563, at *2 (W.D. Wash. June 27, 2012) (granting Rule 12(c) motion as to negligence claim where plaintiff failed to plausibly allege a duty or a breach). This complaint's fatal flaw is that it does not allege what caused Mr. Postica's head injury. And with no theory of causation, there is no way to sufficiently plead that Boeing had a duty to prevent the unspecified cause of Mr. Postica's head injury or that it breached that duty. In short, the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### 1. Plaintiffs have not plausibly alleged a duty or a breach.

Plaintiffs have not plausibly alleged that Boeing had a duty to prevent Mr. Postica's injuries or that it breached that duty.

BOEING'S MOTION TO DISMISS – 6
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

In a negligence claim, the existence of duty is a threshold question that depends on "mixed considerations of 'logic, common sense, justice, policy, and precedent.'" *Snyder v. Med. Serv. Corp. of E. Wash.*, 35 P.3d 1158, 1164 (Wash. 2001). Once a duty toward a plaintiff is established, a plaintiff must also plead facts suggesting that the defendant breached that duty. *See Voss-Curry v. Crown Equip. Corp.*, No. 2:22-CV-01062-BJR, 2022 WL 4368047, at *3 (W.D. Wash. Sept. 21, 2022) (granting a motion to dismiss where plaintiffs did not allege what actions or inactions by the defendant breached a duty). An injury alone is not enough to plead breach. *See Marshall v. Bally's Pacwest, Inc.*, 972 P.2d 475, 478 (Wash. Ct. App. 1999) ("The mere occurrence of an accident and an injury does not necessarily lead to an inference of negligence.").

In this complaint, Plaintiffs assert that Mr. Postica was Boeing's business invitee, imposing certain duties on Boeing with regard to Mr. Postica's presence at the Auburn facility. *See* Dkt. No. 1-2 ¶ 3.3. Under Washington law, Boeing is only subject to liability for Plaintiffs' injuries caused by a condition on its property *if* Boeing: (1) knew of, or by the exercise of reasonable care should have discovered, the condition, and should have realized that it involved an unreasonable risk of harm to Plaintiff; (2) should have expected that Plaintiff would not discover or realize the danger, or would have failed to protect himself against it; and (3) failed to exercise reasonable care to protect Plaintiff against the danger. *See McDonald v. Cove to Clover*, 321 P.3d 259, 260 (Wash. Ct. App. 2014) (noting that Washington law follows the Restatement (Second) of Torts §§ 343 and 343A (1965) for the duties owed to business invitees). On the other hand, Boeing, a premises owner, is not liable "for physical harm caused to [plaintiff] by any activity or condition on the land whose danger is known or obvious to [plaintiff], unless [it] should anticipate the harm despite such knowledge or obviousness." *Id.*

Aside from the boilerplate legal conclusions in Plaintiffs' claims for relief, which this Court need not accept as true, Plaintiffs have alleged no facts suggesting that Boeing even had a condition on its land that imposed an unreasonable risk to others, much less that this risk was one that Plaintiff would not discover, or that Boeing failed to use reasonable care to prevent this risk. A

BOEING'S MOTION TO DISMISS – 7
(No. 2:25-cv-00894)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

premises owner's duty to invitees is not limitless. *See, e.g.*, *Tinder v. Nordstrom, Inc.*, 929 P.2d 1209, 1213 (Wash. Ct. App. 1997) (declining to adopt a rule that would "in effect make Nordstrom the insurer of all who use the escalator"); *Galassi v. Lowe's Home Ctrs., LLC*, 565 P.3d 116, 122 (Wash. 2025) ("[B]usiness proprietors are not strictly liable for all injuries to their customers."). Without identifying the *specific* condition that Plaintiffs contend was unreasonably dangerous, Plaintiffs have not (and cannot) plausibly alleged a legal duty to which Boeing was subject and that Boeing breached a legal duty to protect Mr. Postica from the unspecified condition. The complaint can and should be dismissed for failing to plausibly allege a duty or a breach.

> **2.    Plaintiffs do not plausibly allege that Boeing proximately caused their injuries.**

Plaintiffs' complaint should also be dismissed because Plaintiffs do not plausibly allege that Boeing proximately caused their injuries. "An essential element of a plaintiff's cause of action for negligence, or for that matter any other tort, is that there be some reasonable connection between the act or omission of the defendant and the injury the plaintiff has suffered." 16 Wash. Prac., Tort Law and Practice § 5:1 (5th ed. Oct. 2024 Update). Proximate cause provides that reasonable connection and is therefore an essential element of a negligence claim. *See Hartley v. State*, 698 P.2d 77, 82 (Wash. 1985). Proximate cause's components are twofold: "cause-in-fact and legal causation." *Tolliver v. United States*, 957 F. Supp. 2d 1236, 1250 (W.D. Wash. 2012) (citing *Hartley*, 698 P.2d at 82). Cause in-fact, or "but for" causation, is the "physical connection between an act and an injury." *Id.* Legal causation, on the other hand, is composed of "policy determinations as to how far the consequences of a defendant's acts should extend." *Id.* (quoting *Crowe v. Gaston*, 951 P.2d 1118, 1122 (Wash. 1998)).

Here, Plaintiffs provide no plausible causal link between Boeing's alleged conduct and the injury. Plaintiffs' claim is that Mr. Postica delivered a truckload of metal beams to Boeing, he was instructed to move his equipment, and he then sustained a serious head injury from an unspecified strike. *See* Dkt. No. 1-2 ¶¶ 2.8–2.13. But there is no chain of causation that connects these events.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

While this version of the complaint provides a few new allegations (*e.g.*, Mr. Postica was not instructed to wear a hard hat and never stood on the back of his flatbed truck), these details do little to explain what caused the injury and certainly do not suggest that Boeing caused it. *See id.* ¶¶ 2.9, 2.12.

The complaint attempts to fill in these holes with conclusory statements. For example, it says, "Mr. Postica's compliance with Boeing employee's directives to relocate placed him in an unreasonably dangerous position where these injuries occurred." *Id.* ¶ 2.13. Although this Court need not assume this legal conclusion is true, even if it was, the causal link between Mr. Postica's supposedly unsafe placement and injury-causing strike is *still* unclear. *See*, *e.g.*, *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (observing that the court is not required to accept as true legal conclusions or "formulaic recitations of the elements of a cause of action"); *Hoot*, 2023 WL 2145494, at *2 (holding that plaintiff's "conclusory statement" about failure to diagnose was insufficient to survive a motion to dismiss). With no plausible theory of causation, these facts are still insufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Instead, these allegations are no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and therefore "do not suffice" to state a claim. *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Massey v. BAC Home Loans Servicing LP*, No. C12-1314JLR, 2013 WL 12310680, at *4 (W.D. Wash. Feb. 13, 2013) (dismissing a negligence action for failing to allege that the defendant's actions proximately caused the plaintiff's injury).

**B.     The *res ipsa loquitur* doctrine does not apply.**

Plaintiffs attempt an end-run around federal pleading standards by invoking the doctrine of *res ipsa loquitur*. But this is not a *res ipsa loquitur* case, and this strategy is precluded by the Federal Rules of Civil Procedure.

Like premises liability, *res ipsa loquitur* is not an independent cause of action but a way of establishing negligence in specific circumstances. *See Tate v. Perry*, 758 P.2d 999, 1003 (Wash.

BOEING'S MOTION TO DISMISS – 9
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Ct. App. 1988) (affirming dismissal of a negligence claim premised on *res ipsa loquitur* where the injury did not allow an inference of negligence). The doctrine is "ordinarily sparingly applied, in peculiar and exceptional cases, and only where the facts and the demands of justice make its application essential." *Curtis*, 239 P.3d at 1081 (internal citations omitted).[3] Those "peculiar and exceptional" circumstances exist only if (1) the accident that caused the injury "would not ordinarily happen in the absence of negligence," (2) "the instrumentality or agency that caused the plaintiff's injury was in the exclusive control of the defendant," and (3) "the plaintiff did not contribute to the accident or occurrence." *Id.* at 1082. Indeed, to adequately plead a claim of *res ipsa loquitur*, Plaintiffs must show that the "act causing the injury is so palpably negligent that it may be inferred as a matter of law, i.e., leaving foreign objects, sponges, scissors, etc., in the body, or amputation of a wrong member," that "the general experience and observation of mankind teaches that the result would not be expected without negligence," or that "proof by experts in an esoteric field creates an inference that negligence caused the injuries." *Id.* (citation omitted).

None of the *res ipsa loquitur* factors are present here. First, people can and do sustain concussions, subdural hematomas, and fractured skulls based solely on their own negligence. *See, e.g.*, *Wright*, 2016 WL 4545519, at *2–5 (rejecting the application of *res ipsa loquitur* to a fatal head injury because "[p]eople fall every day and not necessarily as a result of the negligence of another"). Second, it is not at all clear what "instrumentality or agency . . . caused the plaintiff's injury," much less whether that instrumentality was in Boeing's "exclusive control." *Curtis*, 239 P.3d at 1082 (internal citations omitted).[4] And third, without any idea of what caused Mr. Postica's

---

[3] Several cases illustrate "the peculiar and exceptional" circumstances where all three elements of *res ipsa loquitur* apply. In *Pacheco v. Ames*, 69 P.3d 324, 328 (Wash. 2003), *res ipsa loquitur* could apply where a defendant dentist drilled into the wrong side of the plaintiff's mouth, injuring his jaw. In *Robison v. Cascade Hardwoods, Inc.*, 72 P.3d 244, 252 (Wash. Ct. App. 2003), *res ipsa loquitur* could apply when the plaintiff suffered a "severe electrical shock" while unloading defendant's equipment. And in *Ripley v. Lanzer*, 215 P.3d 1020, 1032 (Wash. Ct. App. 2009), the Washington Court of Appeals found that a *res ipsa loquitur* jury instruction was appropriate where a defendant surgeon left part of a scalpel inside the plaintiff before stitching him up.

[4] Mr. Postica is not a Boeing employee, and the complaint itself confirms that non-Boeing employees enter and work at the Auburn site. *See, e.g.*, Dkt. No. 1-2 ¶¶ 2.5–2.8 (describing the front gate process).

BOEING'S MOTION TO DISMISS – 10
(No. 2:25-cv-00894)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

head injury, Plaintiffs cannot plausibly allege that Mr. Postica did not contribute to bringing it about.

Plaintiffs may try to salvage their negligence claim by asserting that *res ipsa loquitur* is applicable since the strike rendered Mr. Postica unconscious, placing Boeing in a superior position to explain the injury. *See Pacheco*, 69 P.3d at 329 (discussing *res ipsa loquitur*'s purposes). Their complaint states that "[o]n information and belief, Boeing possesses video footage that shows these events." Dkt. No. 1-2 ¶ 2.14. But Plaintiffs' complaint fails to plead facts consistent with *res ipsa loquitur*'s application, and *Iqbal* and *Twombly* preclude the sort of fishing expedition that Plaintiffs seek here. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8. . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management' . . . ."); *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014) (under *Iqbal/Twombly*, "plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it").[5] The elements of negligence do not relax for plaintiffs who cannot recall the circumstances of their injury. *See Marshall*, 972 P.2d at 477 (affirming summary judgment for defendant fitness center when plaintiff, who sustained a traumatic brain injury at the facility, could not recall anything about the circumstances of her injury or what caused it).

**C.    The complaint should be dismissed with prejudice.**

The Court should grant Boeing's motion to dismiss with prejudice. Although courts generally allow a plaintiff to amend the complaint at least once following a Rule 12(b)(6)

---

[5] *See also, e.g.*, *Vega v. Davis*, 572 F. App'x 611, 616 (10th Cir. 2014) (unpublished) (rejecting argument that "the plaintiff's lack of access to relevant information, when compared to defendant's access, should not result in the dismissal of his claim"); *Carter v. DeKalb County*, 521 F. App'x 725, 728 (11th Cir. 2013) (unpublished) (holding that plaintiff who failed to allege plausible claim against defendants was not entitled to discovery because "discovery follows the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim" (internal quotation marks omitted) (emphasis omitted)); *Inst. for Wildlife Prot. v. Norton*, 337 F. Supp. 2d 1223, 1226 (W.D. Wash. 2004) ("To maintain an action in federal court, an actual case or controversy must exist, and discovery may not be used to conduct a fishing expedition in hopes that some fact supporting an allegation will be uncovered.").

BOEING'S MOTION TO DISMISS – 11
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

dismissal, the rule "does not extend to cases in which any amendment would be an exercise in futility," *Steckman*, 143 F.3d at 1298, "where the amended complaint would also be subject to dismissal," *id.*, or if "the pleading could not possibly be cured by the allegation of other facts," *Lopez*, 203 F.3d at 1127. This lawsuit is Plaintiffs' second attempt to sue Boeing for negligence relating to Plaintiffs' injuries. *See supra* at 4. Boeing already filed a motion to dismiss for failure to state a claim, and the current complaint reflects Plaintiffs' efforts to address the pleading deficiencies Boeing identified. Those efforts are insufficient. The Court does not need to grant Plaintiffs a third chance to state a claim where amendment would be futile.

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint in its entirety and with prejudice.

*I certify that this memorandum contains 4,418 words, in compliance with the Local Civil Rules.*

Dated: June 4, 2025

By: s/ Laura C. Hill
Laura C. Hill, WSBA No. 49229
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000
LHill@perkinscoie.com

*Attorney for Defendant The Boeing Company*

BOEING'S MOTION TO DISMISS – 12
(No. 2:25-cv-00894)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000