UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLAI POSTICA, et al.,<br><br>　　　　　　　　Plaintiff(s),<br>　　v.<br>THE BOEING COMPANY,<br><br>　　　　　　　　Defendant(s). | CASE NO. C25-0894-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

　　　　Plaintiff Nicolai Postica was injured while completing a delivery to Defendant The Boeing Company ("Boeing"). He does not know who or what hit him on the back of the head, but he filed this action against Boeing, alleging that it negligently failed to maintain its premises in a safe condition, which led to his injury. Although Postica does not currently know the mechanism of his injury, the Court finds that his complaint sufficiently alleges facts to support the elements of his negligence claim, without resort to the *res ipsa loquitur* doctrine. Thus, the Court will deny Boeing's motion to dismiss his negligence claim, although it will grant it in part to dismiss the *res ipsa loquitur* claim as a separate cause of action.

## I.　　BACKGROUND

　　　　Postica is a professional truck driver. Dkt. No. 1-2 ¶ 2.1. He entered Boeing's premises in September 2024 to deliver metal beams that were secured to the flatbed of his truck with ratchet straps. *Id*. ¶¶ 2.4, 2.7. To enter Boeing's premises, he was required to verify his status as a United

States citizen, submit to a thorough search of his tractor-trailer and the beams, and receive a badge to document his clearance. *Id.* ¶ 2.4.

After Postica was cleared for entry, he drove to a facility to complete delivery of the beams. Dkt. No. 1-2 ¶ 2.8. A Boeing employee supervised Postica's unloading of the shipment at the loading dock. *Id.* Postica removed the ratchet straps and tarpaulin securing the beams, and Boeing employees or agents used forklifts to unload them. *Id.* Although Postica had a hard hat and safety vest with him, he was not advised or required to wear protective gear during his visit to the Boeing premises. *Id.* ¶ 2.9.

After the beams were removed from Postica's truck, a Boeing employee instructed Postica to drive to another location to free up the area for another incoming delivery. Dkt. No. 1-2 ¶ 2.10. Postica followed those instructions, driving his truck to the specified location. *Id.* ¶ 2.11. He then exited the cab of his truck to begin folding the ratchet straps and tarpaulin for storage. *Id.* Sometime after Postica exited the cab of his truck, he was struck on the back of the head and rendered unconscious. *Id.* ¶ 2.13. He was found non-responsive on the ground and was transported to a hospital, where he was diagnosed with a traumatic brain injury, including a concussion, subdural hematoma, and fractured skull. *Id.* Postica continues to suffer serious injuries. *Id.* ¶ 2.15.

Postica and his spouse[1] filed suit against Boeing in King County Superior Court, bringing claims for premises liability and *res ipsa loquitur*. Dkt. No. 1-2. Boeing removed the action to this Court and then filed a motion to dismiss. Dkt. Nos. 1, 14.[2] Postica concedes that his claim for *res ipsa loquitur* is not a separate claim, but nonetheless argues that he has adequately pleaded

---

[1] Although Postica and his spouse Ana Burea are both Plaintiffs in this action, this order hereinafter refers to Plaintiffs collectively as "Postica."

[2] This order refers to the parties' briefing by CM/ECF page number.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS - 2

a premises liability/negligence claim or should be given leave to amend if the Court disagrees. Dkt. No. 17.  Boeing's motion to dismiss is now ripe for the Court's resolution.

## II. ANALYSIS

### A. Legal Standards

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The pleading standard of Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B. Postica's Complaint Sufficiently Pleads a Negligence Claim.

A claim for premises liability, as described in Postica's complaint (Dkt. No. 1-2 at 5), "fall[s] under the larger umbrella of a negligence claim."  Dkt. No. 14 at 10–11.

In Washington, "[a] cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Tincani v. Inland Empire Zoological Soc'y*, 875 P.2d 621, 624 (Wash. 1994).  With respect to the duties that may be applicable here,[3] Washington has adopted the Restatement (Second) of Torts' description of the duties a premises owner owes to business invitees.  *See McDonald v. Cove to Clover*, 321 P.3d 259, 260 (Wash. Ct. App. 2014). "[B]usiness proprietors are not strictly liable for all injuries to their customers[,]" but do owe their

---

[3] Postica's complaint alleges that he was Boeing's business invitee.  Dkt. No. 1-2 ¶¶ 2.7, 3.3, 4.2.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS - 3

invitees "an affirmative duty to use ordinary care to keep the premises in a reasonably safe condition." *Galassi v. Lowe's Home Ctrs., LLC*, 565 P.3d 116, 122 (Wash. 2025); *Rush v. Sundown M Ranch Corp.*, No. 38422-5-III, 2022 WL 17850348, at *4 (Wash. Ct. App. Dec. 22, 2022). More specifically, the Restatement provides that a

> possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (A.L.I. 1965). In general, "a landowner is not liable to an invitee for dangers that are obvious." *Mihaila v. Troth*, 505 P.3d 163, 166 (Wash. Ct. App. 2022) (quoting *Mucsi v. Graoch Assocs. Ltd. P'ship No. 12*, 31 P.3d 684, 690 (Wash. 2001)).

Boeing argues that because Postica does not know who or what hit his head and caused his injury, there are fatal gaps in his negligence allegations. A negligence claim requires Postica to show that Boeing owed Postica a duty of care, that it breached that duty, and that the breach of the duty caused Postica's injuries; Boeing contends that none of these elements can be satisfied if Postica does not plausibly allege *how* he was injured. Dkt. No. 20 at 7. Specifically, Boeing argues that Postica has "alleged no facts suggesting that Boeing even had a condition on its land that imposed an unreasonable risk to others, much less that this risk was one that Plaintiff would not discover, or that Boeing failed to use reasonable care to prevent this risk." Dkt. No. 14 at 12. Without such allegations, Boeing argues that Postica has failed to plausibly allege that Boeing owed him a duty or that it breached the duty. *Id*. at 13. Even if Postica had adequately pleaded facts that would satisfy those elements, Boeing argues that Postica has failed to allege facts suggesting that Boeing's breach proximately caused his injuries because the complaint provides "no plausible causal link between Boeing's alleged conduct and the injury." *Id*. at 13. Boeing

characterizes Postica's complaint as "threadbare recitals" of the elements of a negligence claim, and argues that it is therefore insufficient to permit the Court to infer that Boeing is liable for Postica's injury. *Id.* at 14 (quoting *Iqbal*, 556 U.S. at 678).

Postica urges the Court to take a different view of his complaint. Postica's complaint alleges that Boeing owed Postica a duty of care as a business invitee, and that it breached that duty when its employee instructed him to place himself in a location it should have foreseen to be unsafe, without warning him to wear safety gear. Dkt. No. 1-2 ¶¶ 2.9, 3.3, 3.4, 3.5. Postica further alleges that Boeing retained exclusive control over the premises and all work being performed there and that if a Boeing employee had not instructed him to move to the unsafe location or had warned him to wear safety gear, he would not have been injured. *Id.* ¶¶ 3.2, 3.5.

The Court finds that, although Postica's allegations are far from detailed or exhaustive, they are nonetheless sufficient to state a claim for negligence. The complaint sufficiently alleges facts that, if true, could support the duty, breach, and causation elements of a negligence claim. Although Boeing argues that, without any allegation about the injury mechanism, it is not plausible that Postica's location was unsafe or that protective gear could have prevented Postica's injury (Dkt. No. 20 at 10), a dispute as to the facts does not show that a complaint is insufficiently pleaded.[4] In considering a Rule 12(b)(6) motion, "the proper question to ask is [] '*could* these things have happened, not *did* they happen.'" *Carlson v. CSX Transp.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010)). Because Postica's complaint alleges facts that plausibly state a negligence claim, it can withstand Boeing's motion to dismiss.

---

[4] Assuming Postica is correct that Boeing possesses video footage of his accident (Dkt. No. 1-2 ¶ 2.14), the facts of Postica's injury will be known to all parties at some time, at which point factual disputes may be resolved.

Because the Court finds Postica's allegations to be sufficient to plead a negligence claim, the Court need not address the parties' dispute as to the applicability of the *res ipsa loquitur* doctrine.

### III.  CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.  Dkt. No. 14.  The Court grants the motion to the extent the complaint lists *res ipsa loquitur* as a separate cause of action, but denies it to the extent that it seeks dismissal of the negligence/premises liability claim.

Dated this 3rd day of October, 2025.

Kymberly K. Evanson
United States District Judge