Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NICOLAI POSTICA and ANA BUREA, a married couple, | NO. 2:25-CV-00894-KKE |
| Plaintiffs, | AMENDED COMPLAINT |
| v. | |
| THE BOEING COMPANY, a Delaware corporation, | |
| Defendant. | |

Plaintiffs Nicolai Postica and Ana Burea allege as follows:

## I.  JURISDICTION

1.1     Plaintiffs Nicolai Postica and Ana Burea are a married couple living in Plainfield, Will County, Illinois.

1.2     Defendant The Boeing Company ("Boeing"), a Delaware corporation with its principal place of business in Virginia, owns and operates the manufacturing facility located at 700 15th Street Southwest in Auburn, King County, Washington (hereinafter "Premises.")

1.3     The injury giving rise to this action occurred on Boeing's Premises in Auburn, King County, Washington.

1.4     Venue and jurisdiction are proper in this court.

## II.  STATEMENT OF FACTS

AMENDED COMPLAINT - 1

PWRFL
1001 FOURTH AVENUE, SUITE 4131
SEATTLE, WASHINGTON 98154-1155
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

2.1     On or about the morning of September 2, 2024, Mr. Postica, a professional truck driver with over ten years' experience, entered upon Boeing's Premises as a business invitee to deliver a shipment of metal beams.  Mr. Postica had transported these beams to the Premises from Indiana on his 53-foot flatbed tractor-trailer.  The beams were covered with a tarpaulin and secured to the flatbed with ratchet straps, which required a winch to tighten or loosen and could not break or snap off.

2.2     Mr. Postica had performed the same delivery for Boeing on a prior occasion and was experienced in all relevant aspects of the shipment and delivery process for this product.

2.3     Boeing has security requirements for entry upon the Premises.  Before Mr. Postica was allowed to enter the Premises, he was required to provide verification that he was a U.S. citizen and submit to a thorough search of his tractor-trailer.  He then received a badge to indicate to Boeing personnel that he was allowed to be on the Premises.

2.4     After submitting to Boeing's security protocol and being cleared for entry upon the Premises, Mr. Postica attempted to deliver the shipment of metal beams to the receiving facility on the Premises.  However, because there was no qualified Boeing employee available at the receiving facility to supervise unloading of the shipment, Mr. Postica was sent away and told to return the next day.

2.5     Mr. Postica exited the Premises with the shipment of metal beams still secured to his flatbed and drove to a nearby parking facility to spend the night in the cab of his tractor-trailer.  He proceeded to sleep for about eight hours.

2.6     On or about the morning of September 3, 2024, Mr. Postica entered upon Boeing's premises as a business invitee and submitted to the same security protocol he had undergone the previous day, including a thorough search of his tractor-trailer.

2.7     After being cleared for entry, Mr. Postica returned to the same facility to which he had driven the day before to complete delivery of the metal beams.  This time, a qualified Boeing employee was present to supervise unloading of the shipment.  Mr. Postica drove his tractor-

AMENDED COMPLAINT - 2

PWRFL
1001 FOURTH AVENUE, SUITE 4131
SEATTLE, WASHINGTON 98154-1155
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

trailer into the loading dock, where Mr. Postica removed the ratchet straps and tarpaulin securing the beams to his flatbed, and agents and/or employees of Boeing used forklifts to unload the beams.

2.8    Although Mr. Postica had a hard hat and safety vest in his possession, he was not asked or advised to wear any of this protective gear during the unloading process, or at any other time during his visit to the Premises on September 3, 2024.

2.9    After the metal beams had been removed from Mr. Postica's flatbed, a Boeing agent and/or employee instructed him to move his equipment to another location on the Premises and free up the area for another incoming delivery.

2.10    Mr. Postica relocated his tractor-trailer to this other location on the Premises, as instructed, and exited the cab of the truck to begin folding the ratchet straps and tarpaulin for storage.

2.11    Mr. Postica did not climb onto the flatbed to gather these materials for storage, as it was not necessary in his experience, and Boeing site regulations applicable to visiting truck drivers prohibited him from doing so.

2.12    Sometime after exiting the cab of his truck, in the location where Boeing employees and/or agents had instructed him to relocate, Mr. Postica was struck in the back of the head.  The sudden impact rendered Mr. Postica unconscious, and he was subsequently found lying on the ground, nonresponsive.  After being transported to the hospital, Mr. Postica was diagnosed as having sustained a traumatic brain injury, including a concussion, subdural hematoma and fractured skull.  Mr. Postica's compliance with Boeing employees' requests to relocate placed him in an unreasonably dangerous position where these injuries occurred.

2.13    On information and belief, Boeing possesses video footage that shows these events in detail, but has never allowed Mr. Postica to view it.

2.14    Mr. Postica's injuries are serious and ongoing.

### III.  FIRST CLAIM FOR RELIEF: PREMISES LIABILITY

AMENDED COMPLAINT - 3

PWRFL
1001 FOURTH AVENUE, SUITE 4131
SEATTLE, WASHINGTON 98154-1155
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

3.1     Plaintiff re-alleges the preceding paragraphs and incorporates the same as if fully set forth herein.

3.2     At all relevant times, Boeing retained exclusive control over the Premises and retained control over all work being performed on the Premises.

3.3     As owner of the Premises, Boeing owed its business invitee Mr. Postica the duty to use reasonable care, including an affirmative duty to use reasonable care in discovering dangerous conditions, and protect him from all dangerous conditions, including known and obvious dangers, and any harms resulting from its negligence.

3.4     The nature of Boeing's manufacturing business at the Premises and its methods of operations are such that the existence of unsafe conditions on the Premises is reasonably foreseeable.

3.5     On information and belief, Defendant Boeing and its agents and employees failed to maintain the Premises in a reasonably safe condition or to warn Mr. Postica of hazardous conditions on its Premises.  Mr. Postica's injury was the foreseeable result of Boeing's negligence.

3.6     As a direct proximate result of Boeing's wrongful acts and omissions, Mr. Postica suffered and continues to suffer severe physical and emotional injuries.

## IV.  DAMAGES

4.1     Plaintiffs re-allege each and every allegation contained in the preceding paragraphs and incorporate the same as if fully set forth herein.

4.2     As a proximate result of Boeing's wrongful acts and omissions, Mr. Postica suffered economic and non-economic losses, including without limitation pain and suffering, all in amounts to be proven at trial.

4.3     As a further direct proximate result of Boeing's wrongful acts and omissions, Mr. Postica was required to employ, and continues to employ, physicians and other health care

AMENDED COMPLAINT - 4

PWRFL
1001 FOURTH AVENUE, SUITE 4131
SEATTLE, WASHINGTON 98154-1155
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

providers to examine, treat and care for him, and did and continues to incur medical and incidental expenses, all in amounts to be proven at trial.

4.4 As a further direct proximate result of Boeing's wrongful acts and omissions, Mr. Postica has suffered and will continue to suffer a loss of earnings and loss of earning capacity from his injuries in amounts to be proven at trial.

4.5 As a further direct proximate result of Boeing's wrongful acts and omissions, Plaintiff Ana Burea suffered general damages, including the loss of enjoyment of life, loss of consortium, anxiety, emotional distress, and fear, all in amounts to be proven at trial.

WHEREFORE, Plaintiffs pray for the judgment against Defendant for:

1. Economic and noneconomic damages in amounts to be proven at the time of trial;

2. Plaintiffs' reasonable costs and attorney's fees; and

3. Such other and further relief as the Court deems just and proper.

DATED this twenty-first day of October, 2025.

**PWRFL**

Zachary J. Strom, WSBA No. 55230
Felix G. Luna, WSBA No. 27087
Attorneys for Plaintiffs
1001 4th Avenue, Suite 4131
Seattle, WA 98154
Ph. (206) 624-6800
strom@pwrfl-law.com

AMENDED COMPLAINT - 5

CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**Dated**:  October 21, 2025

_____

Zachary J. Strom, WSBA No. 55230
Attorney for Plaintiffs
strom@pwrfl-law.com

AMENDED COMPLAINT - 6

PWRFL
1001 FOURTH AVENUE, SUITE 4131
SEATTLE, WASHINGTON 98154-1155
PHONE:  (206) 624-6800
FAX:  (206) 682-1415