UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLAI POSTICA, et al.,<br><br>              Plaintiff(s),<br><br>    v.<br><br>THE BOEING COMPANY,<br><br>             Defendant(s). | CASE NO. C25-0894-KKE<br><br>STIPULATED PROTECTIVE ORDER |

1.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, export controlled, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.     <u>DEFINITIONS</u>

2.1     "<u>Confidential Information.</u>" "Confidential Information" shall include the following documents and tangible things produced or otherwise exchanged that the designating party in good faith contends contains: (a) a trade secret as defined under law; (b) confidential business

STIPULATED PROTECTIVE ORDER - 1

information, the disclosure of which might adversely affect or prejudice the business or competitive position of the designating party or any of its present or past subsidiaries, affiliated companies, or divisions, within their trade or business; (c) non-public financial information relating to a designating party or any of its present or past subsidiaries, affiliated companies or divisions; (d) non-public information which a designating party is under an obligation to any other person to maintain in confidence; (e) any information otherwise protected from disclosure by the applicable rules of civil procedure and/or rules of evidence; (f) a designating party's propriety information; or (g) non-public personal information of individuals, including medical information, tax information, and personnel records.

2.2   "Export Controlled Information." "Export Controlled Information" means information, technical data, and/or technology that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, *et seq.*, and/or the International Traffic in Arms Regulations, which implement the Arms Export Control Act ("ITAR"), 22 C.F.R. §§ 120.1, *et seq.* Export Controlled Information may or may not also be Confidential Information.

3.   SCOPE

The protections conferred by this agreement cover not only Confidential Information and Export Controlled Information (as defined above), but also (1) any information copied or extracted from Confidential Information or Export Controlled Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information or Export Controlled Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information or Export Controlled Information.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, with the exception of Export Controlled Information.

4.   ACCESS TO AND USE OF DESIGNATED MATERIAL

4.1   Basic Principles. A receiving party may use Confidential Information or Export Controlled Information that is disclosed or produced by another party or by a non-party in

connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Information and Export Controlled Information may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Information and Export Controlled Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of Confidential Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however, that Confidential Information may be disclosed only to an expert or consultant who is not currently employed by an aircraft or aircraft part customer, supplier, or competitor of the designating party;

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy, imaging, or e-discovery services retained by counsel to assist in the processing of Confidential Information, provided that counsel for the party retaining those vendors instructs the service not to disclose any Confidential Information to third parties and to immediately destroy or return all originals and copies of any Confidential Information upon the conclusion of the above-captioned action, pursuant to the destruction protocol addressed in Paragraph 10 below;

STIPULATED PROTECTIVE ORDER - 3

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Use of Artificial Intelligence Tools. Use of Generative Artificial Intelligence ("Generative AI") tools or services must protect the confidentiality of the information as required by this agreement. Confidential Information and Export Controlled Information shall not be submitted to any Generative AI tool or service—including, but not limited to, OpenAI GPT, Google Gemini, Meta LLAMA, MidJourney AI, OpenAI DALL-E, Stability AI Stable Diffusion, or similar platforms—except as described below:

(a)    Confidential Information and Export Controlled Information may not be submitted to any Generative AI tool or service, regardless of whether such tool is accessed via a web interface, API, or other means, if the provider retains any rights to access, monitor, or use the data for any purpose, including model training, prompt or content review, or any other terms of use or policies that would permit the provider or any other third party to access, monitor, or use the submitted data, prompts, or outputs in any way that could compromise the confidentiality of the protected information. Under no circumstances may protected information be used to train, fine-tune, or otherwise improve any Generative AI model, nor may it be retained by the provider for any purpose beyond the immediate, confidential processing requested by the user in a secure environment.

(b)    The foregoing does not prohibit the use of Generative AI tools or services that are operated in a manner that fully complies with the security and confidentiality requirements set forth above, such that no third party—including the AI provider—has any ability to access,

STIPULATED PROTECTIVE ORDER - 4

monitor, retain, or use the Confidential Information or Export Controlled Information, whether through technical means or contractual rights, and provided further that all such information provided and/or submitted to the AI provider can be deleted, including from the Generative AI tool or service itself, in accordance with Paragraph 10 of this agreement.

    4.4    Export Controlled Information.

        (a)    Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Export Controlled Information only to the non-parties or entities identified in Paragraph 4.2(a)-(g), provided that no person who is not lawfully able to review Export Controlled Information shall be allowed to review Export Controlled Information.

        (b)    Material designated as Export Controlled Information may only be released, disclosed, or made accessible to U.S. Persons (as that term is defined at 22 C.F.R. § 120.15), that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies. This restriction applies to any Export Controlled Information, whether stored electronically on a server or otherwise. Before material designated as Export Controlled Information is disclosed to any person, each such person must agree to be bound by this agreement by signing a copy of Exhibit A. It is the responsibility of the party disclosing the Export Controlled Information to obtain and maintain the signed Exhibit A form for each person to whom that party discloses Export Controlled Information pursuant to this Order.

        (c)    In addition to the other requirements of this agreement, by accepting material designated as Export Controlled Information, the receiving person or party represents and warrants that he/she/it is a U.S. Person (as that term is defined as set forth above and under federal law) and that the receiving person or party will comply with the EAR and federal law.

        (d)    Prior to disclosing or displaying any material designated as Export Controlled Information to any person, counsel shall:

            (i)    Inform the person of the export controlled nature of the material;

            (ii)    Inform the person that this court has enjoined the use of the material

STIPULATED PROTECTIVE ORDER - 5

by him/her for any purpose other than this litigation and has enjoined the disclosure of material to any other person;

(iii)    Have the person complete and sign Exhibit A.

4.5    Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this agreement.

4.6    Filing Confidential and Export Controlled Material. Before filing Confidential Information or Export Controlled Information or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the Confidential Information or Export Controlled Information designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential Information or Export Controlled Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the

STIPULATED PROTECTIVE ORDER - 6

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery of material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Information. The designating party shall designate any material that it believes may contain Export Controlled Information as "WARNING: SUBJECT TO U.S. EXPORT CONTROL REGULATIONS." By including this legend, parties and non-parties will be alerted to the fact that the document may contain U.S. export controlled technical material/data/information and CANNOT be exported or disclosed to a non-U.S. Person. The designating party must also affix words identifying this case, in the form "Case No. 2:25-cv-00894-KKE." If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony

STIPULATED PROTECTIVE ORDER - 7

after reviewing the transcript. No person except those permitted access to Confidential Information and/or Export Controlled Information by this Agreement can attend depositions when Confidential Information and/or Export Controlled Information is disclosed. Any party or non-party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential and/or export controlled. All deposition testimony shall be treated as Confidential Information and Export Controlled Information for 30 days following receipt of the deposition transcript. All persons in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information and/or Export Controlled Information. If a party or non-party desires to protect Confidential Information and/or Export Controlled Information at trial, the issue should be addressed during the pre-trial conference.

(c)    Document Inspections: In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation needs to be made in advance of the inspection, with the understanding that the inspecting party must be authorized to view Confidential Information and Export Controlled Information. If the inspecting party selects specified documents to be copied, the producing party shall designate those documents containing Confidential Information and/or Export Controlled Information in accordance with the terms of this agreement at the time the copies are produced.

(d)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words as would be required under Paragraph 5.2(a) if the information or item were in documentary form. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

STIPULATED PROTECTIVE ORDER - 8

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY AND EXPORT CONTROL DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of Confidential Information or Export Controlled Information at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a video or telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

STIPULATED PROTECTIVE ORDER - 9

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as containing Confidential Information or Export Controlled Information that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential and/or export controlled material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Export Controlled Information to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material or ensure their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

9.1    <u>Inadvertent Production of Privileged or Protected Material</u>. The parties recognize that certain Confidential Information or other material relevant to the claims and defenses in this action may be protected by, and subject to, a claim of privilege or similar protection. Pursuant to Federal Rule of Evidence 502(d), if, in connection with this action, a producing party inadvertently produces or discloses information subject to any privilege or similar protection ("Inadvertently Produced Information"), such disclosure or production shall be without prejudice to the producing

STIPULATED PROTECTIVE ORDER - 10

party's claim that such information is privileged or protected, and no producing party shall be held to have waived any rights by such inadvertent production or disclosure, so long as the producing party promptly provides notice to all parties of the production of Inadvertently Produced Information after learning of that production. Within five business days of providing notice, the producing party shall provide privilege log entry/entries covering such Inadvertently Produced Information. Specifically, the provisions of Federal Rule of Evidence 502(b)(2) and (b)(3) are inapplicable to the production of Inadvertently Produced Information in this action. Once a producing party provides the notice to the other parties regarding the production of Inadvertently Produced Information, the other parties shall: (i) promptly return the Inadvertently Produced Information along with all duplicates in paper form, (ii) remove any electronic version of the Inadvertently Produced Information from their electronic databases, (iii) provide a certification of counsel that all such Inadvertently Produced Information has been returned or destroyed, and (iv) not duplicate the Inadvertently Produced Information or distribute it by any means other than returning it to the producing party (if needed). Nothing in this paragraph or order curtails a party's right to challenge the propriety of a designation or privilege assertion with the Court, or to assert that the holder of the privilege failed to take reasonable steps to prevent disclosure or failed to promptly take reasonable steps to rectify the error.

9.2     Receipt of Inadvertently Produced Information. If a party receives Confidential Information or other material that reasonably appears to be subject to a privilege or protection and to have been provided through inadvertence, the receiving party must refrain from examining the Confidential or other Material any further and shall promptly notify the producing party in writing that the party possesses it.

9.3     Description of Inadvertently Produced Information. In connection with any motion or dispute before the Court regarding the designation of Confidential Information or other material as subject to a privilege or protection, nothing in this Order shall prohibit any party from describing such Confidential Information or other material in such a manner as does not violate the privilege or protection.

STIPULATED PROTECTIVE ORDER - 11

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must certify in writing the secure destruction or return of all Confidential Information or Export Controlled Information to the producing party, including all copies, extracts and summaries thereof. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information or Export Controlled Information and request the documents be returned or destroyed.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material or Export Controlled Information.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The parties and any other person subject to the terms of this agreement agree that this court will retain jurisdiction following the conclusion of this action for the purpose of enforcing this agreement.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATED PROTECTIVE ORDER - 12

Dated: February 2, 2026

By: _s/Zachary J. Strom_
Felix G. Luna
Paul G. Sewell
Tomás Gahan
Zachary J. Strom
**PWRFL Law**
1001 4th Ave., Ste. 4131
Seattle, WA 98154
Telephone: 206.624.6800
Facsimile: 206.682.1415
luna@pwrfl-law.com
sewell@pwrfl-law.com
gahan@pwrfl-law.com
strom@pwrfl-law.com

Cosmin Popa
**Popa Law PLLC**
12207 NE 8th St., Ste. 12
Bellevue, WA 98005
Telephone: 425.279.9967
cosmin@popalaw.com

*Attorneys for Plaintiffs*

Dated: February 2, 2026

By: _s/ Kristine Kruger_
James F. Williams, WSBA No. 23613
Kristine Kruger, WSBA No. 44612
Olive Eisdorfer, WSBA No. 63837
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
JWilliams@perkinscoie.com
Kkruger@perkinscoie.com
OEisdorfer@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

STIPULATED PROTECTIVE ORDER - 13

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED:_____*February 3, 2026*_____

Kymberly K. Evanson
United States District Judge

STIPULATED PROTECTIVE ORDER - 14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Postica v. The Boeing Company*, Case No. 2:25-cv-00894. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER - 15